## (April 13, 1972)

■ SHIRLEY HOLZBERG, Respondent, v. FLOWER AND FIFTH AVENUE HOSPITALS, Appellant; WALTER MERSHEIMER, Respondent, and NAIM SEYAHIK, Appellant-Respondent, et al., Defendant.— Judgment, Supreme Court, New York County entered on July 14, 1971, after jury trial, in favor of plaintiff-respondent against defendant-appellant Flower and Fifth Avenue Hospitals and defendant-appellant-respondent Seyahik, and dismissing the cross complaints of defendant-appellant Flower and Fifth Avenue Hospitals against defendant-appellant-respondent Seyahik and defendant-respondent Mersheimer, unanimously modified, on the law, to reverse the judgment in favor of plaintiff-respondent and to grant judgment in favor of defendant-appellant and defendant-appellant-respondent dismissing the complaint as to them, and otherwise affirmed, without costs and without disbursements. Plaintiff underwent thyroid surgery, performed by defendant Dr. Mersheimer, assisted by defendants Dr. Seyahik and Dr. Fierro as anesthetists, at defendant hospital. Plaintiff's claim is that defendant Dr. Seyahik improperly manipulated a laryngoscope, causing her to lose a tooth, and necessitating extensive restorative dentistry. As to Dr. Fierro, the trial court dismissed at the end of the entire case, and, the jury having found in favor of Dr. Mersheimer, the cross complaint of the hospital against him was dismissed by the court; these exonerations, justified by the evidence, were proper, as was dismissal of the hospital's cross complaint against Dr. Seyahik. We find the remaining adjudications to have been improper. To begin with, the case against the hospital should not have gone to the jury at all. Even assuming that the doctrine of *res ipsa loquitur* properly applies to this case, it was Dr. Seyahik alone who was in control of the instrument said to have been improperly employed. Further, the evidence showed that the anesthetist was not an employee of the hospital, but one of a group of independent contractors. (See *Fiorentino* v. *Wenger,* 19 N Y 2d 407.) The evidence linking Dr. Seyahik to plaintiff's misfortune was of the *post hoc ergo propter hoc* variety: that he used the laryngoscope, and that, three days later, a tooth fell out, the suggested inference being that one caused the other, though no other evidence connects the two happenings. No proof whatever of causal connection was adduced; there was no evidence of improper manipulation of the appliance; it was not testified that the instrument touched the tooth. The trial court obviated these deficiencies by invoking *res ipsa loquitur,* despite the three day lapse of time, and despite medical evidence that plaintiff's conditions of pyorrhea and diabetes could have caused loosened teeth. On "a commonsense appraisal of the probative value of circumstantial evidence" in this record as to the procedures used by Dr. Seyahik, it cannot justify an inference of negligent conduct. Even allowing for the possibility that this may be "the best evidence available," that evidence does not demonstrate "at least probability that * * * [plaintiff's mishap] * * * could not have occurred without legal wrong by the defendant." (*Galbraith* v. *Busch,* 267 N. Y. 230, 234.) Concur — McGivern, J. P., Markewich, Nunez, Murphy and Capozzli, JJ.