Nancy Paciello et al., Respondents, v Mukund R. Patel et al., Defendants, and Joseph Silver, Appellant.

Second Department, October 19, 1981

##### APPEARANCES OF COUNSEL

*Curtis, Mallet-Prevost, Colt & Mosle (Priscilla Lundin, Peter Fleming, Jr.,* and *Barbara Pfeffer Billauer* of counsel), for appellant.

*Queller, Fisher & Block (Mark R. Bower* of counsel), for respondents.

##### OPINION OF THE COURT

Damiani, J.

This is an action against four doctors to recover damages for medical malpractice based, in substance, upon the allegation that they negligently failed to diagnose a cancer with which the plaintiff Nancy Paciello was afflicted. Paragraph "twenty-second" of the complaint alleged that all the defendants were partners. The defendants Patel,

Pearlman and Silver served a joint answer which, *inter alia,* denied that all four of the defendants were partners but expressly admitted that "the defendants Patel, Pearlman and Silver were partners at all times relevant to the within action." The answer asserted that plaintiff Nancy Paciello was the patient of Patel from October 13, 1975 through November, 1976, that she was the patient of Pearlman from October, 1975 through September, 1976 and that she was the patient of Silver from October, 1975 through March, 1976. Finally, the answer asserted the affirmative defense of the Statute of Limitations on behalf of all defendants. Sometime thereafter that affirmative defense was withdrawn as to Doctors Patel and Pearlman.

Plaintiffs served a demand for a bill of particulars concerning the affirmative defense of the Statute of Limitations and, in response thereto, defendant Silver served a bill asserting that he last saw the plaintiff Nancy Paciello on March 31, 1976, that the statute ran two and one-half years thereafter and that he was not served with process in this action until January 20, 1979.

Plaintiffs took the examination before trial of defendant Doctor Pearlman and at that examination he testified that he had a group practice with Doctors Patel and Silver under the name of Orthopedic Surgical Associates, a professional corporation. He was president and a shareholder of the corporation and Silver and Patel were also members and shareholders.

Thereafter defendant Silver moved for summary judgment dismissing plaintiffs' complaint against him upon the ground of the Statute of Limitations. In support of that motion it was argued that Silver last saw plaintiff on March 31, 1976, that the period of limitation set forth in CPLR 214-a ran two and one-half years thereafter, and that this action, commenced by service of a summons upon Silver on January 30, 1979, was therefore untimely.

The plaintiffs cross-moved to strike the defense of the Statute of Limitations asserted by Silver. In support of that cross motion and in opposition to the motion in chief, plaintiffs asserted that since it was not contended that service on Patel or Pearlman was untimely and since the three doctors practiced together as a professional corpora-

tion, they were united in interest within the meaning of CPLR 203 (subd [b]) and timely service upon Patel and Pearlman "must have been timely upon Dr. Silver as well."

Special Term ruled that since the answer of the defendants Patel, Pearlman and Silver admitted that they were partners, they were united in interest and plaintiffs' complaint was therefore timely interposed against Silver under CPLR 203 (subd [b]).

On appeal the arguments of both sides revolve about the applicability of the unity of interest rule of CPLR 203 (subd [b]). That subdivision is inapposite to this case.

CPLR 203 (subd [a]) states, in relevant part, that "[t]he time within which an action must be commenced * * * shall be computed from the time the cause of action accrued to the time the claim is interposed." Thus there are but two important dates for the ordinary purposes of the Statute of Limitations, namely the date of claim accrual and the date of claim interposition.

It is the general rule that a cause of action for malpractice accrues on the date of the act or omission complained of *(Davis v City of New York,* 38 NY2d 257, 259; 1 Weinstein-Korn-Miller, NY Civ Prac, par 214-a.03), or, where the malpractice is alleged to consist of a series of acts or omissions, at the termination thereof *(Nervick v Fine,* 195 Misc 464, affd 275 App Div 1043, mot for lv to app den 276 App Div 775). By his uncontroverted allegation that he last treated plaintiff Nancy Paciello on March 31, 1976, Doctor Silver established that under the general rule regarding claim accrual, a cause of action by plaintiffs to recover for acts of malpractice actually committed by him could not have accrued after that date. Unlike the plaintiffs in *Connell v Hayden* (83 AD2d 30) the plaintiffs in this case have made no argument that claim accrual against Silver was deferred by reason of a continuous course of treatment rendered by Doctors Patel and Pearlman for the same illness or injuries. Because it was not strictly necessary to the determination of the *Connell* case, we there declined to pass upon the issue of whether claim accrual against one doctor could be postponed under the doctrine of *Borgia v City of New York* (12 NY2d 151,155) by a continuous

course of treatment rendered by other physicians with whom he jointly practiced. We decline to raise the *Borgia* doctrine *sua sponte* in this case. The plaintiffs have not relied upon it and the record fails to conclusively indicate that the services rendered by Doctors Patel and Pearlman were for the same or related illness or injuries. Defendant Silver had no duty to negative the applicability of the *Borgia* exception to the general rule regarding claim accrual for, as stated in *Ford v Babcock* (2 Sandf 518, 522), "[w]here the statute of limitations is pleaded, it lies upon the plaintiff to aver, not upon the defendant to deny, the existence of facts that create an exception from the general rule that the statute establishes." Accordingly, we conclude that plaintiffs' cause of action to recover for malpractice actually committed by Doctor Silver accrued no later than March 31, 1976 and had to be interposed within two years and six months thereafter (CPLR 214-a), viz., on or before September 30, 1978.

The record on appeal in this case contains the usual statement made pursuant to CPLR 5531 which asserts, *inter alia,* that copies of the summons and complaint were served on each of the defendants in January, 1979. CPLR 203 (subd [b]) states, in relevant part, that "[a] claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: 1. the summons is served upon the defendant". It is upon the "united in interest" language of this subdivision that plaintiffs rely to save their claim against Doctor Silver. Their reliance is misplaced.

Where a unity of interest exists between two defendants, CPLR 203 (subd [b]) permits the date of claim interposition against defendant B to relate back to an earlier date when plaintiffs' claim was timely interposed against defendant A. In this case it is not alleged that any one of the defendants was served prior to September 30, 1978 and, accordingly, application of the unity of interest rule is totally unavailing to save plaintiffs' claim against Doctor Silver insofar as it is based upon his own active negligence.

To the extent that plaintiffs' claim is predicated upon the argument that Doctor Silver is vicariously liable for the

acts of Doctors Patel and Pearlman, use of the unity of interest rule is unnecessary to advance the date of claim interposition against Silver. It is not contended that plaintiffs' claims against Doctors Pearlman and Patel accrued any earlier than September, 1976 and November, 1976, the respective dates upon which each last saw plaintiff Nancy Paciello. Service upon all defendants in January, 1979 was within two years and six months of either of those dates, and therefore if plaintiffs have a viable claim that Silver is vicariously liable for the malpractice of Pearlman and Patel it was timely interposed at that time even though a claim to recover for Silver's own acts of malpractice was by then time barred.

The real question in this case is whether plaintiffs have a viable claim that Silver is vicariously liable for the acts of Pearlman and Patel. Plaintiffs' complaint alleged a partnership and in their answer Pearlman, Patel and Silver admitted that they were partners. It subsequently developed that Pearlman, Patel and Silver were actually coshareholders, officers and employees of a professional service corporation. In their brief on appeal plaintiffs concede that that was the true form of the professional entity employed by those defendants, and that they were not partners. That concession thereby vitiated the effect of the improvident admission of a partnership in the joint answer of Pearlman, Patel and Silver. We hold, as explained in *Connell v Hayden* (83 AD2d 30, *supra),* that while partners are, by statute, vicariously liable for the tortious acts and omissions of their copartners committed within the scope of the partnership business (Partnership Law, §§ 24, 26), neither the common law nor section 1505 of the Business Corporation Law imposes vicarious liability upon a shareholder, officer or employee of a professional service corporation for the tortious acts of his coshareholders, officers or employees.

Accordingly, the order appealed from should be reversed, plaintiffs' cross motion should be denied, and defendant Silver's motion for summary judgment dismissing the plaintiffs' complaint against him should be granted, upon the ground that insofar as it is based upon allegations of Silver's own malpractice, it is time barred by CPLR 214-a

and insofar as it is based upon a claim that Silver is vicariously liable for the acts or omissions of Pearlman and Patel, it fails to state a cause of action.

MOLLEN, P. J., WEINSTEIN and THOMPSON, JJ., concur.

Order of the Supreme Court, Kings County, dated June 3, 1980, reversed, on the law, without costs or disbursements, defendant Silver's motion for summary judgment is granted and plaintiffs' cross motion is denied.