(July 31, 1989)

■ MARGARET CHAISSON, Individually and as Administratrix of the Estate of PAUL CHAISSON, Deceased, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Defendants, and MICHAEL B. MEYERS, M.D., P. C., Respondent.—In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated November 18, 1987, which granted the motion of the defendant Michael B. Meyers, M.D., P. C. for summary judgment dismissing the complaint as asserted against it as time barred, and (2) a judgment of the same court dated May 23, 1988, which is in favor of the defendant Michael B. Meyers, M.D. and against the plaintiff dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting all references to "Michael B. Meyers, M.D." and substituting therefor "Michael B. Meyers, M.D., P.C."; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Dr. Michael B. Meyers, the sole officer, sole shareholder and sole employee of the defendant professional corporation *(see,* Business Corporation Law § 1505), was the anesthesiologist during surgery performed upon the plaintiff's decedent at the defendant hospital on June 30, 1980. Dr. Meyers' corporation was not served until April 15, 1983, when process was delivered to the Secretary of State *(see,* Business Corporation Law § 306).

The plaintiff has, in the face of the motion by Dr. Meyers' corporation for summary judgment dismissing the action as against it as time barred, failed to sustain her burden *(see, Connell v Hayden,* 83 AD2d 30, 39; *see also, Paciello v Patel,* 83 AD2d 73) of establishing that the professional services corporation was united in interest with the timely served defendant hospital *(see,* CPLR 203 [b]; *see also, Connell v Hayden, supra; Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Holzberg v Flower & Fifth Ave. Hosps.,* 39 AD2d 526, *affd* 32 NY2d 716). We note, moreover, that the plaintiff does not claim that the continuous treatment provided to her decedent by the defendant hospital, where the plaintiff's decedent remained in a comatose state for approximately one year, is attributable to the professional services corporation *(see, Paciello v Patel, supra).* Since the record otherwise establishes that Dr. Meyers last attended the plaintiff's decedent more than 2½ years before service was effectuated on the defendant hospital, the action as against Dr. Meyers' corporation was untimely commenced even if the corporation and the defendant hospital were united in interest.

We have considered the plaintiff's remaining contentions and find them to be without merit. We have, however, corrected the apparent scrivener's error in the judgment appealed from to reflect that the action is dismissed as untimely as against Dr. Meyers professional services corporation rather than Dr. Meyers individually, against whom the action was dismissed approximately 4½ years ago for lack of jurisdiction. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.