■ ARTHUR P. JONES, Appellant, v SOCIETY OF THE NEW YORK HOSPITAL, Respondent.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 15, 1988, which dismissed the complaint for failure to establish a prima facie case, unanimously affirmed, without costs and disbursements.

Plaintiff who shortly after undergoing surgery for a condition in his left leg suffered problems with his right leg, and required further surgery which purportedly rendered him unable to function normally. Plaintiff failed to call an expert and his proof fell short of establishing malpractice, whereupon the trial court granted a motion to dismiss for failure to establish a prima facie case. Contrary to plaintiff's assertions, the doctrine of res ipsa loquitur does not apply here, because the event which occurred is not one of a kind which can be said ordinarily not to occur in the absence of negligence. *(Holzberg v Flower & Fifth Ave. Hosps.,* 39 AD2d 526, *affd* 32 NY2d 716.) Nor, in the absence of an expert's medical testimony, can the short delay in performing surgery on the right leg be said to have been a departure from accepted standards of medical care. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.