■    CELIA GERRISH et al., Respondents, v. PANAMA CANAL COMPANY, Appellant.— On the basis of the record before us the Special Referee ought not to have allowed a recovery in excess of $12,500. Accordingly, the judgment appealed from is unanimously modified on the facts by reducing the amount awarded to $12,500 and as so modified the judgment is affirmed, without costs. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Frank and Stevens, JJ. [7 Misc 2d 719.]

■    ROBERT I. MARCUS, Suing on Behalf of the Defendant Corporations, Appellant, v. HARRY MEYERSON, Respondent, et al., Defendants. ROBERT I. MARCUS, Appellant, v. HARRY MEYERSON, Respondent.— Orders granting defendant's motions to stay two actions and naming a substitute arbitrator reversed on the law and the motions denied, with costs to plaintiff-appellant on this consolidated appeal. The rule with regard to the power of the court to name a substitute arbitrator pursuant to section 1452 of the Civil Practice Act, and the occasion for its exercise, is clear. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 294 *et seq.*; cf. *Matter of Golenbock* [*Komoroff*], 2 A D 2d 742.) Applying the rule to this case, it is evident that the appointment of Mr. Levine — lawyer, accountant and long-standing business intimate of these former partners — was an appointment *sui generis*. To him alone were the partners willing to entrust such extraordinary power to make all decisions and perform all acts necessary to disentangle the complicated and numerous business enterprises owned by the parties. In a lengthy and detailed agreement concluded only after months of negotiations between the parties and their respective counsel, Mr. Levine was granted what amounts to the powers of receiver, liquidator and arbitrator. The power to arbitrate was an integral part of his larger duties as " receiver and liquidator ". Not only was Mr. Levine empowered to perform these numerous acts, with or without hearings, and based solely upon such investigations as he saw fit to make, but he was also granted continuing jurisdiction for a period of 10 years to decide all disputes between the parties. Mr. Levine having now resigned as arbitrator, it would not be consonant with the parties'

intention for the court to inject a stranger as arbitrator. It is concluded, therefore, that the agreement in suit did not contemplate arbitration in any event but only arbitration before the expressly named arbitrator. He having resigned, there was no authority in the court to designate a substitute. Order [in first above-entitled action] unanimously reversed on the law, with $10 costs and disbursements to appellant and the motion denied, with $10 costs. Order [in second above-entitled action] unanimously reversed on the law, with $10 costs and disbursements to appellant and the motion denied, with $10 costs. Concur — Breitel, J. P., Frank, Valente and McNally, JJ.