■ YEHUDA OLEWSKI et al., Appellants, v BANK LEUMI TRUST COMPANY OF NEW YORK, Defendant, and JACOB RABINOWITZ et al., Intervenors-Respondents. — Order of the Supreme Court, New York County (A. Blyn, J.), entered May 11, 1983, denying plaintiffs' motion to vacate their default in failing to timely serve a reply to a counterclaim interposed by defendants-intervenors, is reversed, on the law and facts, with costs, and the motion by plaintiffs to vacate the default is granted. Plaintiff Olewski demonstrated that the short delay in replying to the counterclaim was not due to "law office failure" and that he diligently prosecuted the litigation herein. The affidavits submitted by plaintiff and his counsel also established a meritorious defense to the counterclaim. Concur — Sullivan, J. P., Ross, Carro, Asch and Bloom, JJ.

■ GEORGE LINS, Appellant, v ROSE LINS, Respondent. — Order, Supreme Court, New York County (Callahan, J.), entered January 27, 1983, which, inter alia, granted defendant's motion to vacate the default judgment of divorce entered against her on March 10, 1982, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion denied and the judgment of divorce reinstated. While courts have adopted a more liberal attitude in vacating defaults in matrimonial actions (see, e.g., Daly v Daly, 74 AD2d 814; Levy v Levy, 67 AD2d 998; Hewlett v Hewlett, 63 AD2d 977; Hegarty v Hegarty, 48 AD2d 891), "it is still incumbent upon the moving party to show a reasonable excuse for the default and the existence of a meritorious defense" (Gorman v Gorman, 92 AD2d 709, 710). In her moving papers defendant failed to make any showing whatsoever with respect to either requirement. Nor did plaintiff, as defendant contends, practice any fraud or deception upon the court in moving for the default judgment. He properly advised the court of the existence of the Rockland County action and of the dormancy of that proceeding. In such circumstances it was an abuse of discretion to vacate defendant's default. Concur — Sullivan, J. P., Ross, Carro, Asch and Bloom, JJ.