■ PROPOCO, INC., Respondent, v HARRY OSTREICHER, Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for breach of contract, the defendant Harry Ostreicher appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated July 11, 1985, as denied his motion for summary judgment dismissing the complaint as against him.

Order reversed insofar as appealed from, on the law, with costs, motion granted, and complaint dismissed as against the defendant Ostreicher.

The 1972 partnership business certificate of the Ross Nursing Home clearly and unequivocally states the names of all the partners, and is signed by them. The name of the defendant Harry Ostreicher is notably absent therefrom. The certificate further unequivocally states that the members of this newly certified partnership were the "successors in interest" to a partnership of the same name which did include Mr. Ostreicher. The 1972 certificate, together with the fact that there is no evidence in the record, nor even any allegation made by the plaintiff, that Mr. Ostreicher shared in the profits and losses of the Ross Nursing Home partnership, eliminates any question of fact as to whether Mr. Ostreicher was an actual partner of the nursing home in 1983 when the disputed contract between it and the plaintiff was made *(see,* Partnership Law § 10 [1]; *Matter of Wells,* 36 AD2d 471, 475, *affd* 29 NY2d 931; *Curtin v Glazier,* 94 AD2d 434, 438).

The plaintiff's president, who negotiated the subject contract with the Ross Nursing Home, admits that he was not aware of what the form of ownership of the latter was at the time the

contract was made. Consequently, he could not possibly have relied on Ostreicher's being a partner of the Ross Nursing Home at the time of contracting with it. As a matter of law, therefore, Ostreicher could not be found to be a partner of the nursing home by estoppel, and Special Term erred in failing to grant his motion for summary judgment dismissing the complaint as against him (see, Partnership Law § 27; *Mulvey v Hamilton,* 57 AD2d 995, 996, *appeal dismissed* 43 NY2d 646; *Hartford Acc. & Indem. Co. v Oles,* 152 Misc 876, 878). Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.