*127 OPINION OF THE COURT
Kaye, J.
Despite private agreement to dissolve a partnership, partners who continue to carry on business in the firm name with no manifestation of their dissolution, are estopped to deny liability to a party relying on the public indicia of partnership, for a tort committed by a partner acting with apparent authority.
The essential facts are undisputed. On September 27, 1977, Roger Allen sought a short-term loan of $60,000 from plaintiff, the Royal Bank and Trust Company, to enable him to obtain a larger loan from another source. Allen advised plaintiff that the $60,000 would be kept in an escrow account belonging to his attorneys, the firm of Weintraub, Gold & Alper. Allen gave Royal Bank a letter dated September 27, 1977 on the law firm’s stationery, addressed to him and signed by Alfred Weintraub (one of the three named partners), acknowledging that the check would be received by the firm as escrow agent, that it would be placed in the firm’s trust account (identified by number) at the Madison Avenue Branch of Marine Midland Bank, and that the money would be returned to plaintiff by October 5, 1977. Plaintiff learned from its parent, the Royal Bank of Canada, that Allen was a customer with a good credit rating, and that it knew of the proposed transaction. Plaintiff also called its New York attorneys, who advised that they had not heard of the firm Weintraub, Gold & Alper, and that the three named individuals were listed separately in an attorney directory as practicing law at the address given on the firm stationery. Plaintiff’s credit officer found the firm listed in the current Manhattan telephone directory, at the address and number corresponding to the letterhead. When he dialed the number a receptionist answered "Weintraub, Gold and Alper.” He then spoke to Weintraub and confirmed the escrow arrangement set forth in the September 27 letter. Plaintiff that day made the loan, giving Allen a $60,000 check payable to the law firm, which was acknowledged in writing by Weintraub. Despite demand, the check has never been returned. Plaintiff sued Allen and the firm as well as Weintraub, Gold and Alper individually, to recover the funds. Allen has confessed judgment and Weintraub has defaulted, but neither apparently can satisfy the judgment.
In support of its motion for summary judgment against the firm, and Gold and Alper individually (defendants), plaintiff *128 produced the following additional uncontroverted evidence to establish the continued existence of the law firm in the year 1977, although none of this information was known to plaintiff at the time the loan was made. The three individuals continued to share what had been the partnership offices until at least November 1977. The receptionist answered the telephone in the firm name to give the appearance to firm clients that the firm still existed. The $60,000 check received September 27, 1977 was deposited in a special account maintained in the firm name. In July 1977, the three partners signed bank documents certifying that the partnership existed, received a loan, and opened new accounts. Liability insurance was obtained for the firm from January 9, 1977 through January 9, 1978. Firm letterhead was used for court correspondence in October 1977. The partnership filed no certificate of dissolution and made no public announcement of dissolution until the withdrawal of Alper in November 1977 when formal notices were sent out and use of the firm name ceased.
The crux of defendants’ opposition to plaintiff’s summary judgment motion is twofold. First, defendants maintain that as of January 1, 1976 the firm, which had existed since 1972 or 1973, dissolved by oral agreement between Messrs. Weintraub and Gold, that it took no new clients thereafter, that its conduct in 1977 was fully consistent with winding up, and that Weintraub therefore had no authority to bind the partnership in September 1977. Continued use of the firm name and letterhead, defendants insist, was to be only for limited duration, as an aid in the transition to individual practices. Second, defendants urge that plaintiff acted negligently, which at the least created an issue of fact sufficient to defeat summary judgment. We agree, however, with both lower courts that in the circumstances defendants are estopped to deny their liability, and that there is no triable issue regarding plaintiff’s negligence.
Acts of a partner in apparently carrying on the partnership business in the usual way are binding on the partnership unless that partner has no authority to act, and the person dealing with that partner knows that fact (Partnership Law §20 [1]). Here, Weintraub’s acts with respect to the escrow deposit were apparently for the benefit of a client and in furtherance of the partnership business. If indeed Weintraub lacked authority to act for the partnership in the particular matter, there is no evidence that plaintiff knew of this. Thus, *129 had no issue of dissolution been raised, unquestionably defendants could have been charged with liability for Weintraub’s acts.
Defendants’ private agreement in late 1975 to dissolve the partnership does not alter this result. Whether or not the partnership of Weintraub, Gold & Alper continued in 1977 despite the intent of its members is an issue we need not resolve, for a partner who makes, and consents to, continued representations that a partnership in fact exists is estopped to deny that a partnership exists to defeat the claim of a creditor (Partnership Law § 27). Here, defendants are estopped to deny their relationship as against plaintiff. Nearly two years after alleged dissolution, the public indicia of the partnership remained undisturbed. Where the firm space, telephone number, telephone book listing and stationery continued in use by the individuals, with no discernible sign of dissolution, we conclude that the partnership continued to be liable as such to a party reasonably relying to its detriment on the impression of an ongoing entity. While partnership by estoppel should not be lightly invoked and generally presents issues of fact, here the undisputed evidence submitted on the summary judgment motion leaves no question for trial (see, Hedeman v Fairbanks, Morse & Co., 286 NY 240, 248-249).
Nor can summary judgment for plaintiff be defeated by defendants’ contention that, owing both to the unusual nature of the proposed transaction and to the separate listings in the attorney directory, plaintiff acted negligently in failing to investigate further. As plaintiff correctly points out, anything unusual about the transaction would have prompted further inquiry about the borrower, not his law firm, and plaintiff did investigate this aspect with its parent. Similarly, individual listing in an attorney directory, when measured against the uncontroverted proof of an apparently existing partnership, was insufficient as a matter of law to give rise to a genuine issue requiring trial (see, Andre v Pomeroy, 35 NY2d 361, 364; Poillon v Secor, 61 NY 456; compare, Weingrad v New York Univ. Med. Center, 64 NY2d 851).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs.