■ RICHARD J. RANIERI, Respondent, et al., Plaintiff, v MICHAEL LEAVY et al., Appellants, et al., Defendant.—In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 5, 1990, which granted the plaintiff-respondent's motion for summary judgment, and (2) a judgment of the same court, entered July 25, 1990, which is in favor of the plaintiff-respondent Richard J. Ranieri and against Michael Leavy and Majestic Marine in the principal sum of $26,733. The appellants' notice of appeal from an order of the same court dated June 13, 1990, which, upon reargument and renewal, adhered to the original determination made in the order dated February 5, 1990, is treated as a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the appeal from the order dated February 5,

1990, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting therefrom the words "Michael Leavy and Majestic Marine" and substituting therefor the words "Majestic Marine, Inc.", and (2) adding thereto a provision in favor of the defendant Michael Leavy dismissing the complaint insofar as it is asserted against him; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment; and it is further,

Ordered that the order dated February 5, 1990, is modified accordingly.

The appeal from the intermediate order dated February 5, 1990, is dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order dated February 5, 1990, and the subsequent order dated June 13, 1990, are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Richard J. Ranieri and Abe Silva contracted to purchase a boat from a business entity known as Majestic Marine for $42,500. The agreement, a preprinted form showing the company name "MAJESTIC MARINE" at the head of the front page, provided that it was "subject to finance and approval" and was "[n]ot valid unless signed and accepted by an officer of the company". The contract was signed by the plaintiffs and a salesperson. Ranieri paid $50 cash on signing and subsequently made an additional payment of $20,000 by check payable to Majestic Marine. Two unsuccessful applications for financing were made on behalf of Silva, and, after learning that the defendants Michael Leavy and Alan Liebowitz were the purported owners of MAJESTIC MARINE, Ranieri and his attorney demanded that Leavy return the payments made by Ranieri. In or about July 1989 Leavy informed Ranieri that he would not return these payments. The plaintiffs commenced the instant action, and, after issue was joined, moved for summary judgment. The appellants, in opposition, asserted that "the only dealings those plaintiffs have had were with Majestic Marine, Inc." The Supreme Court granted the plaintiffs' motion, holding the defendant Leavy personally liable pursuant to Partnership Law § 27.

We conclude that the Supreme Court erred in determining

that the defendant Leavy was personally liable based on Partnership Law § 27. In essence, Partnership Law § 27 provides that a person is estopped from denying the existence of a partnership when he, by words spoken or written or by conduct, represents himself, or consents that another represent him, as a partner in an existing partnership. Moreover, a corporation may even be held under this statute to be acting as a partner by estoppel (see, John's Inc. v Island Garden Center, 49 Misc 2d 1086, 1090, affd 53 Misc 2d 1021). Here, the only relevant indicia that a partnership allegedly existed were the words "MAJESTIC MARINE" at the head of the front page of the agreement and Ranieri's $20,000 check made payable to "Majestic Marine". Any further conduct or representations by the seller that were not concurrent with or prior to the execution of the contract have no bearing on the issue of whether the defendants held themselves out as a partnership (see, Hartford Acc. & Indem. Co. v Oles, 152 Misc 876, 880; 16 NY Jur 2d, Business Relations, § 1413, at 116). Inasmuch as there were insufficient indicia of partnership (see, e.g. Royal Bank & Trust Co. v Weintraub, Gold & Alper, 68 NY2d 124; John's Inc. v Island Garden Center, supra) and no proof that the shareholders of Majestic Marine, Inc., knew of or authorized the corporation to hold itself out as a partnership known as Majestic Marine, the shareholders of Majestic Marine, Inc., cannot be found to be partners by estoppel. Consequently, the defendant Michael Leavy cannot be held personally liable pursuant to Partnership Law § 27 for what appears to be a corporate debt and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against him should have been granted.

However, the judgment is also against Majestic Marine. In the answer, the defendant Majestic Marine appeared as "MAJESTIC MARINE, INC., sued herein as MAJESTIC MARINE", and therefore acknowledged that the Supreme Court had personal jurisdiction over the corporation. The plaintiffs proved that the contract became void, inter alia, upon the failure to obtain financing. We therefore conclude that the plaintiff Richard J. Ranieri is entitled to recover against Majestic Marine, Inc. The judgment and the order dated February 5, 1990, have been modified accordingly. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.