■ Douglas L. Meltzer, Respondent, v Lou Danon, Doing Business as, and Also Known as Captain Lou, Appellant. Mike's Party Boat Corp., Third-Party Plaintiff-Appellant, v Larry Brown et al., Third-Party Defendants-Respondents.—In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 31, 1990, as granted the motions of the third-party defendants for summary judgment dismissing the third-party complaint, and (2) so much of an order of the same court, entered February 4, 1991, as denied the defendant third-party plaintiff's cross motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

During the course of a chartered boat ride, the plaintiff was injured when the boat shifted suddenly, causing coffee urns to spill hot coffee on him, burning his arm and leg. Some of the other passengers had brought the urns on board. The plaintiff commenced this action alleging, *inter alia,* that the crew was negligent in failing to ensure that the urns were secure or warn the passengers of the danger that they might spill. In support of the motion for summary judgment dismissing the complaint, one of the crew asserted that he had warned the passengers to keep the urns out of the galley, where it was unsafe, and had personally removed the urns to a safer location several times. Other passengers, however, did not remember receiving any instruction regarding the placement of the urns or recall seeing any crew member moving the urns at any point. Since questions of fact exist as to whether the crew was negligent, the court properly denied the defendant summary judgment dismissing the complaint *(see, Gerrish v Panama Canal Co.,* 7 Misc 2d 719, *mod on other grounds* 5 AD2d 818).

Furthermore, the court's granting of summary judgment to the third-party defendants was also correct. In its third-party complaint, the defendant sought indemnity from the other passengers on the theory that they acted as joint venturers in chartering the vessel, and thus that they were responsible for passenger safety. The third-party defendants made a prima facie showing that there was no agreement to share profits or losses realized, and thus that they were not joint venturers *(see generally, Williams v Forbes,* 175 AD2d 125; *Ackerman v Landes,* 112 AD2d 1081). The appellant, in turn, has failed to raise a triable issue of fact concerning that issue.

We have examined the appellant's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.