■ JOAN SCIALO et al., Appellants, v STEVEN F. GASS, Respondent, et al., Defendants. [613 NYS2d 54] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated August 10, 1992, which granted the motion of the defendant Steven F. Gass to dismiss the complaint insofar as it is asserted against him on the ground that it was time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the plaintiffs were not entitled to the tolling provision of CPLR 203 (b) in the absence of any evidence that the defendant Steven F. Gass was united in interest with the defendant Burt Gass *(see,* CPLR 203 [b]; *Kavanaugh v Nussbaum,* 71 NY2d 535, 547-548; *Raschel v Rish,* 69 NY2d 694, 697; *Kanter v Schlecker,* 64 NY2d 937, 938; *Prudential Ins. Co. v Stone,* 270 NY 154; *Scheff v St. John's Episcopal Hosp.,* 115 AD2d 532, 534-535; *Connell v Hayden,* 83 AD2d 30; *Paciello v Patel,* 83 AD2d 73). The plaintiffs similarly failed to demonstrate partnership by estoppel *(see,* Partnership Law § 27), and they were not entitled to the six-month tolling provision of CPLR 205 (a) because the prior action against the defendant Steven F. Gass was terminated for lack of personal jurisdiction *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283). The plaintiffs' remaining contention is barred by the doctrine of res judicata *(see,* Siegel, NY Prac §§ 446, 447, at 676-678 [2d ed]; *see also, County of Nassau v New York State Pub. Empl. Relations Bd.,* 151 AD2d 168, 185-186). O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.