■ FLEET BANK NH, Respondent, v JOHN A. ROYALL III, Appellant, et al., Defendants. [630 NYS2d 559] —In an action to recover on a promissory note, the defendant John A. Royall III appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered July 19, 1993, which, upon an order of the same court, entered March 24, 1993, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against him in the principal amount of $275,000.

Ordered that the judgment is affirmed, with costs.

On January 6, 1989, the plaintiff's predecessor in interest extended a loan to East Wilder Associates (hereinafter East Wilder), a partnership, in the amount of $275,000. A note was executed by Donald H. Myers and the defendant John A. Royall III. When a default occurred, the plaintiff instituted this action against East Wilder, Royall, and Adelphi Securities Ltd. The plaintiff then sought, and obtained, judgment only against Royall, on the theory that he was a partner by estoppel in East Wilder under Partnership Law § 27.

The Supreme Court correctly determined that the defendant Royall was personally liable based on Partnership Law § 27. In essence, Partnership Law § 27 provides that a person is estopped from denying the existence of a partnership when he, by words spoken or written or by conduct, represents himself, or consents that another represent him, as a partner in an existing partnership *(see, Ranieri v Leavy,* 180 AD2d 723). While partnership by estoppel should not be lightly invoked and generally presents an issue of fact, here, the evidence submitted on the summary judgment motion leaves no question for trial *(see, Royal Bank & Trust Co. v Weintraub, Gold & Alper,* 68 NY2d 124). That the defendant Royall signed the promissory note and modification agreement is not in dispute and an examination of those documents clearly indicates that Royall signed on behalf of the defaulting defendant, East Wil-

der Associates. Thus, the plaintiff's motion was properly granted. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.