■ WOLFF SELECTIVE BUSINESS BROKERS, INC., Appellant, v MARVIN GINSBERG et al., Respondents. [640 NYS2d 109] —Order, Supreme Court, Westchester County (Aldo Nastasi, J.), entered January 6, 1995, which, insofar as appealed from as limited by plaintiff's brief, granted summary judgment dismissing the complaint as against the Finelli defendants, unanimously affirmed, with costs.

Plaintiff has failed to establish that it was even in existence as a corporate entity at the time the brokerage agreements in

issue were entered into, or that it was a successor-in-interest to the brokers who entered an agreement with Howard Finelli. There is no documentation in the record of any merger or consolidation by which plaintiff would have succeeded to the rights of the brokers who acted in this case (Business Corporation Law §§ 902, 904), nor is there documentation of any assignment and delegation. As such, plaintiff lacks standing to sue the Finelli defendants.

However, even if plaintiff had standing with respect to Howard Finelli (it does not appear that Nancy Finelli entered into any brokers' agreements), the buyer's conduct and confidentiality agreement entered into with him made clear that the broker remained the agent of the seller, and that the seller remained exclusively responsible for the broker's fee absent a breach by the buyer of the purchase agreement, which did not occur. Nor can plaintiff contend that the Finelli defendants contrived to keep it ignorant of the signing of the purchase contract or the closing date, in violation of other clauses of the confidentiality agreement, plaintiff's communications reflecting knowledge of both. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.