■ GOODSTEIN PROPERTIES, INC., et al., Appellants, v NEIL REGO, Respondent. [698 NYS2d 709] —In an action, inter alia, to recover damages for breach of contract and for an accounting, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated August 5, 1998, which denied their motion for partial summary judgment and granted the

defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered August 21, 1998, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs, Andrew Goodstein Properties, Inc., and Andrew Goodstein, allege that in May 1992, Goodstein entered into a partnership and/or joint venture with the defendant Neil Rego for the purpose of purchasing real property known as The Racket Club. In addition, the plaintiffs alleged that by letter dated June 5, 1992, Rego agreed to pay Goodstein a brokerage fee of $200,000 if Rego purchased the property for $640,000. On February 3, 1993, the property was sold to Healthway Associates, a limited partnership in which Rego was a limited partner, for $1,639,162. The plaintiffs commenced this action, *inter alia,* to recover damages for breach of contract and for an accounting.

Rego made a prima facie showing that there was no agreement to share profits or losses, and thus that he and Goodstein were neither partners nor joint venturers (*see, Matter of Steinbeck v Gerosa,* 4 NY2d 302). Neither the complaint nor Goodstein's affidavits submitted on these motions for summary judgment alleged any agreement to share losses (*see, Davella v Nielsen,* 208 AD2d 494), and thus the plaintiffs failed to raise a triable issue of fact concerning that issue (*see, Meltzer v Danon,* 188 AD2d 643).

The plaintiffs also failed to raise a triable issue of fact regarding their claim for a brokerage commission. The brokerage agreement clearly and unambiguously provides that a commission would be payable if the property was purchased by the defendant for $640,000. Although the plaintiffs contend that the purchase price of $640,000 was intended to be exclusive of additional amounts due for unpaid taxes and existing mortgage liens, and that the $1,639,162 purchase price included those amounts, " 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete

and clear and unambiguous upon its face'" (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 163, quoting *Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 379). Further, Goodstein failed to present any evidence that he was the procuring cause of the sale (*see, Greene v Hellman,* 51 NY2d 197; *Lanstar Intl. Realty v New York News,* 206 AD2d 411).

Accordingly, the Supreme Court properly granted summary judgment to the defendant dismissing the complaint. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.