■ Louis Schnur, Appellant, v Raphael Marin et al., Respondents. [729 NYS2d 155] —In an action, *inter alia*, to recover damages for breach of an oral agreement, the plaintiff appeals from an order of the Supreme Court, Rockland County (Dillon, J.), dated April 19, 2000, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly granted the defendants' respective motions for summary judgment. The defendants established their entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). The burden then shifted to the plaintiff to provide evidence in admissible form to establish that a triable issue of fact existed. The plaintiff failed to meet this burden. The plaintiff and the defendants (hereinafter collectively the purported joint venturers) never agreed to the division of equity ownership in the company they purportedly sought to purchase as between

themselves or the other potential investors in the company. The failure of the purported joint venturers to agree upon the division of equity prevented a sufficiently definite agreement with respect to the sharing of profits and losses, which is an indispensable element of any joint venture agreement, oral or written (*see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, *cert denied* 498 US 816; *Matter of Steinbeck v Gerosa*, 4 NY2d 302; *Accent Assocs. v Wheatley Constr. Corp.*, 268 AD2d 494; *Goodstein Props. v Rego*, 266 AD2d 506; *Tilden of N.J. v Regency Leasing Sys.*, 230 AD2d 784; *Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270; *see also, Precision Testing Labs. v Kenyon Corp.*, 644 F Supp 1327). Therefore, the plaintiff failed to establish the essential elements needed to prove the existence of an oral joint venture agreement.

The plaintiff's remaining contentions are without merit. Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.