■ CITY ONE REAL ESTATE, LLC, Respondent, v 535 CARLTON AVENUE REALTY CORP., Appellant, et al., Defendants. (Action No. 1.) CITY ONE REAL ESTATE, LLC, Respondent, v PACIFIC CARLTON DEVELOPMENT CORP., Appellant, et al., Defendants. (Action No. 2.) [750 NYS2d 778] —In two related actions, inter alia, to recover a brokerage commission, (1) 535 Carlton Avenue Realty Corp., a defendant in Action No. 1, appeals (a), as limited by its brief, from so much of an order of the Supreme Court, Kings County (R.E. Rivera, J.), entered July 24, 2001, as denied its cross motion, among other things, for summary judgment dismissing the complaint in that action insofar as asserted against it, and as granted the motion of the plaintiff in that action for summary judgment in its favor, and (b) from a judgment of the same court, in Action No. 1, dated September 18, 2001, which is in favor of the plaintiff and against it in the principal sum of $50,000, and (2) Pacific Carlton Development Corp., a defendant in Action No. 2, appeals (a), as limited by its brief, from so much of the order entered July 24, 2001, as denied its cross motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it, and (b) a judgment of the same court, in Action No. 2, also dated September 18, 2001, which is in favor of the plaintiff and against it in the principal sum of $50,000.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the actions (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The plaintiff established its entitlement to judgment as a matter of law in Action No. 1 by submitting a copy of the lease between 535 Carlton Avenue Realty Corp. (hereinafter 535 Carlton) and its tenant, wherein 535 Carlton promised to pay the plaintiff $50,000 for its brokerage services (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Similarly, the plaintiff established its entitlement to judgment as a matter of law in Action No. 2 by submitting a copy of the lease between

Pacific Carlton Development Corp. (hereinafter Pacific) and its tenant, wherein Pacific promised to pay the plaintiff $50,000 for its brokerage services. In opposition, 535 Carlton and Pacific failed to come forward with evidence sufficient to raise a triable issue of fact as to their claim that they collectively owed the plaintiff only $50,000 in total for the plaintiff's services in connection with the leasing of the two premises (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157; *Goodstein Props. v Rego,* 266 AD2d 506).

The appellants' remaining contentions are without merit. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.