◼ COMMUNITY CAPITAL BANK, Respondent, v FISCHER & YANOWITZ et al., Appellants. [850 NYS2d 508]—

In an action to recover damages for legal malpractice, the defendants, Fischer & Yanowitz and Jeffrey B. Yanowitz, appeal from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated September 8, 2006, which denied the cross motion of the defendant Jeffrey B. Yanowitz for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court also dated September 8, 2006, which granted the plaintiff's motion to consolidate the action with an action entitled *Community Capital Bank v Fischer & Yanowitz*, index No. 37561/04, pending in the same court.

Ordered that the appeal by the defendant Fischer & Yanowitz

from the order dated September 8, 2006, denying the cross motion of the defendant Jeffrey B. Yanowitz for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the defendant Fischer & Yanowitz is not aggrieved by that order; and it is further,

Ordered that the order dated September 8, 2006, denying the cross motion of the defendant Jeffrey B. Yanowitz for summary judgment dismissing the complaint insofar as asserted against him is reversed, on the law, the cross motion is granted, the order dated September 8, 2006, granting the plaintiff's motion to consolidate is vacated, and the plaintiff's motion to consolidate is denied as academic; and it is further,

Ordered that the appeal from the order dated September 8, 2006, granting the plaintiff's motion to consolidate is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant Jeffrey B. Yanowitz.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10 [1]). When there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties (*see Brodsky v Stadlen*, 138 AD2d 662 [1988]). "An indispensable essential of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the business and submit to the burden of making good the losses" (*Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958]). Here, since there was no evidence that the defendant Jeffrey B. Yanowitz and Patricia A. Fischer shared profits or submitted to the burden of making good the losses, the Supreme Court incorrectly found that there was a triable issue of fact as to whether a partnership existed between them (*see Matter of Steinbeck v Gerosa*, 4 NY2d at 317; *Latture v Smith*, 1 AD3d 408, 408-409 [2003]; *Schnur v Marin*, 285 AD2d 639, 640 [2001]; *Goodstein Props. v Rego*, 266 AD2d 506, 507 [1999]; *Davella v Nielsen*, 208 AD2d 494 [1994]; *Propoco, Inc. v Ostreicher*, 119 AD2d 740, 741 [1986]).

Furthermore, the doctrine of partnership by estoppel is inapplicable. "In essence, Partnership Law § 27 provides that a person is estopped from denying the existence of a partnership when he, by words spoken or written or by conduct, represents himself, or consents that another represent him, as a partner in an existing partnership" (*Fleet Bank NH v Royall*, 218 AD2d 727, 727 [1995]). Here, there is no evidence that Yanowitz made

any representations to the plaintiff Community Capital Bank that he and Fischer were partners. Nor was there any evidence that he consented to Fischer representing him as a partner. Moreover, there was no indication that the plaintiff relied on Yanowitz and Fischer being partners in retaining Fischer for legal representation (*see Propoco, Inc. v Ostreicher*, 119 AD2d 740 [1986]). Therefore, the plaintiff failed to demonstrate that Yanowitz could be held liable under the doctrine of partnership by estoppel (*see Scialo v Gass*, 205 AD2d 522 [1994]).

Under such circumstances, after Yanowitz established his prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Therefore, Yanowitz's cross motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.