■ COMMANDER TERMINALS HOLDINGS, LLC, et al., Respondents, v ABRAHAM POZNANSKI et al., Appellants. (Action No. 1.) ABRAHAM POZNANSKI et al., Appellants, v CHARLES B. WANG et al., Respondents. (Action No. 2.) [923 NYS2d 190]—

In an action, inter alia, to recover damages for breach of fiduciary duty and a related action, among other things, to recover damages for breach of an oral joint venture agreement, (1) the defendants in action No. 1 appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 27, 2009, which granted the motion of the plaintiffs in action No. 1 for summary judgment on the 6th, 7th, and 13th causes of action, and (2) the plaintiffs in action No. 2 appeal, as limited by their brief, from so much of an order of the same court, also entered August 27, 2009, as granted those branches of the motion of the defendants Charles B. Wang, Plainview Properties, LLC, Island Properties, LLC, Commander Terminals Holdings, LLC, Mariners Walk, LLC, Lighthouse Development Group, LLC, Central Island Properties, LLC, Buckingham Variety, LLC, South Street Enterprises, LLC, Old Country Properties, LLC, Maxwell Avenue Properties, LLC, Arkalion, Ltd., Walter

Imperatore, and Theodore P. Sasso in action No. 2 which were for summary judgment dismissing the 1st, 2nd, 5th, 6th, and 7th causes of action insofar as asserted against them, and declaring that certain written agreements between the plaintiffs Northern Bay Management Group, LLC, or Affinity Realty Consultants, LLC, and several of the defendants are voidable and unenforceable.

Ordered that the order entered in action No. 1 is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that all written agreements between Northern Bay Management Group, LLC, and/or Affinity Realty Consultants, LLC, on the one hand, and Charles B. Wang, and/or Plainview Properties, LLC, and/or Island Properties, LLC, and/or Commander Terminals Holdings, LLC, and/or Mariners Walk, LLC, and/or Lighthouse Development Group, LLC, and/or Central Island Properties, LLC, and/or Buckingham Variety, LLC, and/or South Street Enterprises, LLC, and/or Old Country Properties, LLC, and/or Maxwell Avenue Properties, LLC, and/or Arkalion, Ltd., on the other hand, are voidable and unenforceable; and it is further,

Ordered that the order entered in action No. 2, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that all written agreements between Northern Bay Management Group, LLC, and/or Affinity Realty Consultants, LLC, on the one hand, and Charles B. Wang, and/or Plainview Properties, LLC, and/or Island Properties, LLC, and/or Commander Terminals Holdings, LLC, and/or Mariners Walk, LLC, and/or Lighthouse Development Group, LLC, and/or Central Island Properties, LLC, and/or Buckingham Variety, LLC, and/or South Street Enterprises, LLC, and/or Old Country Properties, LLC, and/or Maxwell Avenue Properties, LLC, and/or Arkalion, Ltd., on the other hand, are voidable and unenforceable; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The principal parties, Charles B. Wang and Abraham Poznanski, had a personal and business relationship for more than 30 years. In 1976 Poznanski began working for Wang's company, which later became known as Computer Associates (hereinafter CA). Poznanski eventually held a number of positions with CA. In or about 1998, Wang began to acquire real properties located on Long Island. In early 1999 Poznanski formed Northern Bay Management Group, LLC (hereinafter Northern Bay), to acquire properties for, and to manage, Wang's real estate investment portfolio. Additionally, Northern Bay provided similar services

to several companies affiliated with Wang (hereinafter the Wang entities). Poznanski also served as an officer of the Wang entities. Northern Bay received brokerage commissions for acquisitions and fees for managing the acquired properties. Initially, Northern Bay provided these services to the Wang entities without written agreements. In or about 2004, Poznanski, in his capacity as an officer of the Wang entities, executed written agreements with Northern Bay (hereinafter the management agreements) on behalf of certain of the Wang entities. On January 24, 2005, Poznanski also formed Affinity Realty Consultants, LLC (hereinafter Affinity), which also provided real estate services to the Wang entities.

In October 2005 the relationship between Poznanski and Wang became strained, and they terminated their business relationship. Subsequently, Wang and the Wang entities (hereinafter collectively the Wang plaintiffs) commenced action No. 1 seeking, inter alia, to recover damages for Poznanski's alleged breach of fiduciary duty and a judgment declaring that the management agreements with Northern Bay and Affinity that were executed by Poznanski on behalf of the Wang entities were void and unenforceable. Shortly thereafter, Poznanski, Northern Bay, Affinity, and another company controlled by Poznanski (hereinafter collectively the Poznanski parties) commenced action No. 2 seeking, inter alia, to recover damages for breach of an oral joint venture agreement, tortious interference with contract, and unfair competition, and a judgment declaring that the management agreements were enforceable.

Thereafter, in action No. 1, the Wang plaintiffs moved for summary judgment on the 6th cause of action, alleging that Poznanski breached his fiduciary duty, and the 7th and 13th causes of action, seeking declarations that the management agreements and all agreements between Northern Bay or Affinity and the Wang plaintiffs that were executed by Poznanski on behalf of the Wang plaintiffs were voidable and unenforceable. At the same time, in action No. 2, the defendants Charles B. Wang, Plainview Properties, LLC, Island Properties, LLC, Commander Terminals Holdings, LLC, Mariners Walk, LLC, Lighthouse Development Group, LLC, Central Island Properties, LLC, Buckingham Variety, LLC, South Street Enterprises, LLC, Old Country Properties, LLC, Maxwell Avenue Properties, LLC, Arkalion, Ltd., Walter Imperatore, and Theodore P. Sasso (hereinafter collectively the Wang defendants) moved, inter alia, for summary judgment declaring that the management agreements were voidable and unenforceable, and dismissing the first cause of action in action No. 2, alleging breach of a joint venture

agreement to amass a portfolio of real property holdings on behalf of the Wang entities, the second cause of action, alleging an anticipatory breach of the management agreements, the fifth cause of action alleging tortious interference with contractual relations and unfair competition, based on the Wang entities' purported attempts to induce Walter Imperatore and Theodore P. Sasso to leave their employment with the Poznanski parties and perform identical functions for the Wang entities, the sixth cause of action alleging unlawful disclosure of proprietary information by Imperatore and Sasso to the Wang entities, and the seventh cause of action alleging breach of restrictive employment covenants, pursuant to which Imperatore and Sasso were allegedly obligated to a predecessor of Affinity and Northern Bay.

The Wang plaintiffs established their prima facie entitlement to judgment as a matter of law in both action Nos. 1 and 2 by demonstrating that Poznanski, as an officer of the Wang entities, owed a fiduciary duty to them and to their principal, Wang. They further demonstrated that Poznanski breached his duty by executing the management agreements on behalf of the Wang entities, thus benefitting his own company, Northern Bay, without fully disclosing all material facts about these agreements (*see Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989]; *Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 568 [1984]; *A.G. Homes, LLC v Gerstein*, 52 AD3d 546, 548 [2008]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]; *Salm v Feldstein*, 20 AD3d 469, 470 [2005]; *Blue Chip Emerald v Allied Partners*, 299 AD2d 278, 279-280 [2002]). In opposition, the Poznanski parties failed to raise a triable issue of fact. Since there was a lack of full disclosure, the management agreements were rendered voidable and unenforceable (*see Blue Chip Emerald v Allied Partners*, 299 AD2d at 279-280; *Alizio v Perpignano*, 176 AD2d 279, 281 [1991]). Consequently, in action No. 1, the Supreme Court properly granted the Wang plaintiffs' motion for summary judgment on their causes of action alleging breach of fiduciary duty and declaring that the management agreements and all agreements executed by Poznanski on behalf of both Northern Bay or Affinity, on the one hand, and the Wang plaintiffs, on the other, were voidable and unenforceable, and in action No. 2, the Supreme Court properly granted those branches of the Wang defendants' motion which were for summary judgment dismissing the second cause of action alleging an anticipatory breach of the management agreements and declaring that the management agreements were voidable and unenforceable.

The Supreme Court also properly awarded summary judg-

ment in action No. 2 dismissing the first cause of action alleging a breach of a joint venture agreement. " 'The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses' " (*Kaufman v Torkan*, 51 AD3d 977, 979 [2008], quoting *Tilden of N.J. v Regency Leasing Sys.*, 230 AD2d 784, 785-786 [1996] [internal quotation marks and citation omitted]). Here, the Wang defendants made a prima facie showing that Wang and Poznanski were not joint venturers and, in opposition, the Poznanski parties failed to raise a triable issue of fact (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958]; *Schnur v Marin*, 285 AD2d 639, 640 [2001]; *Goodstein Props. v Rego*, 266 AD2d 506, 507 [1999]; *De Vito v Pokoik*, 150 AD2d 331, 331 [1989]).

Moreover, the Wang defendants established their prima facie entitlement to judgment as a matter of law dismissing the fifth cause of action in action No. 2, alleging that Wang tortiously interfered with Northern Bay's and Affinity's contractual relations with their employees and engaged in unfair competition. Here, Northen Bay's and Affinity's agreements with their former employees Imperatore and Sasso were contracts terminable at will (*see Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]). Consequently, in order to sustain a cause of action based upon tortious interference with a contract terminable at will, there must be a showing of malice or wrongful conduct (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621 [1996]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 194 [1980]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d 401, 402 [1999]). Additionally, the Wang defendants made a prima facie showing that Wang did not engage in unfair competition by misappropriating the business or business opportunities of Northern Bay and Affinity. In opposition, the Poznanski parties failed to raise a triable issue of fact as to whether Wang acted with the purpose of harming them or engaged in any wrongful conduct (*see Baron Assoc., P.C. v RSKCO*, 16 AD3d 362, 362-363 [2005]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d at 402). The Poznanski parties' repeated allegations, without any evidence, that Wang acted wrongfully and unlawfully are merely speculation, and insufficient to defeat summary judgment with respect to these causes of action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *LoPresti v Massachusetts Mut. Life Ins. Co.*, 30 AD3d 474, 476 [2006]).

The Wang defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Poznanski parties' sixth cause of action in action No. 2, alleging that Imperatore and Sasso misappropriated confidential information belonging to Northern Bay. In opposition, the Poznanski parties failed to raise a triable issue of fact (see *Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d 788, 790-791 [1999]; *Amana Express Intl. v Pier-Air Intl.*, 211 AD2d 606, 607 [1995]). Lastly, the Supreme Court properly awarded summary judgment dismissing the Poznanski parties' seventh cause of action in action No. 2, alleging that Imperatore and Sasso breached restrictive covenants in their employment agreements with Northern Bay and/or Affinity, as neither Northern Bay nor Affinity were parties to the employment agreements allegedly breached by Imperatore and Sasso. In opposition, the Poznanski parties failed to raise a triable issue of fact, as they submitted no evidence that Affinity and Northern Bay were "successors in interest" to the company which entered into the employment contracts with Imperatore and Sasso (see *Wolff Selective Bus. Brokers v Ginsberg*, 226 AD2d 161, 162 [1996]; *Kahn v Biernbaum*, 55 AD2d 589 [1976]). Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.