■ JLG Architectural Products, LLC, Respondent, v WDF, Inc., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants, et al., Third-Party Defendant. [928 NYS2d 750]—

The defendant/third-party plaintiff, WDF, Inc. (hereinafter WDF), is a general construction contractor that entered into contracts with the New York City School Construction Authority to renovate schools in New York City. In 2005 WDF entered into subcontracts with the plaintiff, a supplier of windows, to provide windows for two of the renovation projects. The subcontracts provided that the third-party defendant, East Coast Window Installers, Inc. (hereinafter East Coast), would be the window installer with respect to those projects. The plaintiff commenced this action against, among others, WDF, alleging that it had substantially performed its obligations under the subcontracts and that WDF had failed to pay in full for the windows that the plaintiff supplied. In its answer and third-party complaint against East Coast, which has defaulted in the action, WDF, among other things, alleged that certain windows

supplied by the plaintiff had collapsed as a result of poor workmanship by East Coast.

The Supreme Court should have granted WDF's motion for summary judgment on its counterclaim/third-party cause of action for a judgment declaring that the plaintiff and the third-party defendant are jointly and severally liable as partners by estoppel for any liability found against either party. The subcontracts, which were submitted by WDF with its motion, provide that the plaintiff "acknowledges that it proposed the Work in partnership with East Coast . . . and induced [WDF] to rely upon both [the plaintiff] and East Coast . . . through this joint presentation for performance of the work covered by" the subcontracts. Moreover, the subcontracts provide that "together [the plaintiff] and East Coast . . . would perform and complete the work" as set forth in "Specifications and Drawings." The subcontracts further state that the plaintiff "invites [WDF] to rely upon the relationship it has with East Coast . . . and the representations made in its proposal to perform the Work." The plaintiff agreed in the subcontracts "to provide confirmation that installation" of the windows was "in compliance with Contract Documents and approved Shop Drawings . . . prior to the issuance of payment to" East Coast. Furthermore, the subcontracts provided that, "[r]elying upon these and other comparable representations and inducement," WDF "agrees to the terms and conditions set forth" in the subcontracts. The explicit language in the subcontracts established that the plaintiff, by written words, represented that it was, and held itself out to be, a partner with East Coast. Thus, WDF made a prima facie showing that the plaintiff is estopped from denying the existence of a partnership to defeat WDF's claims (*see* Partnership Law § 27 [1]; *Royal Bank & Trust Co. v Weintraub, Gold & Alper*, 68 NY2d 124, 129 [1986]; *Fleet Bank NH v Royall*, 218 AD2d 727 [1995]; *Ranieri v Leavy*, 180 AD2d 723, 725 [1992]; *Mulvey v Hamilton*, 57 AD2d 995, 996 [1977]). Moreover, under the circumstances of this case, WDF established, as a matter of law, that it relied on the plaintiff's representations to its detriment (*see Milano by Milano v Freed*, 64 F3d 91, 98 [1995]; *Hartford Acc. & Indem. Co. v Oles*, 152 Misc 876, 878 [1934]; *cf. Community Capital Bank v Fischer & Yanowitz*, 47 AD3d 667, 668-669 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

Since the counterclaim/third-party cause of action sought declaratory relief, we remit the matter to the Supreme Court, Richmond County, for the entry of an interlocutory judgment declaring that the plaintiff and the third-party defendant are

jointly and severally liable as partners by estoppel for any liability found against either party (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Garone v Morabito*, 82 AD3d 833 [2011]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.