Renato Tedesco, Plaintiff, v Ecobank Transnational Incorporated et al., Defendants. Ann G. Kayman, Esq., Nonparty Appellant; Howard L. Blau et al., Nonparty Respondents. [961 NYS2d 28]—

Order, Supreme Court, New York County (Sue Ann Hoahng, Special Ref.), entered June 18, 2010, which denied nonparty Ann G. Kayman, Esq.'s motion to vacate a judgment, same court and Special Referee, entered on or about December 14, 2007, as modified by a judgment, same court and Referee, entered on or about December 30, 2007, insofar as the judgments were entered against her upon her default, unanimously reversed, on the law, without costs, the motion granted, and the judgments vacated as against Kayman.

The Special Referee correctly concluded that CPLR 5015 (a) (3) is inapplicable here. Kayman alleged misconduct only on the part of nonparty Howard L. Blau, who is not an "adverse party" within the meaning of CPLR 5015 (a) (3) (*see Blumes v Madar*, 21 AD3d 518, 520 [2d Dept 2005]; *see also Lins v Lins*, 98 AD2d 608, 608 [1st Dept 1983]).

The Special Referee, however, should have granted the motion to vacate the default judgments to the extent based upon CPLR 5015 (a) (1). Given the lack of any evidence as to the address the judgments were mailed to, and that Kayman actually received them, the Special Referee erred in finding that Kayman had no excuse in failing to appear or moving more promptly to vacate the judgments. Indeed, it is undisputed that, once Kayman was served with a petition based upon the underlying judgments, she promptly moved to vacate them in that action.

Kayman also raised a meritorious defense. She contends that, despite authorizing the addition of her name to the "masthead" of Blau's law firm and sharing office space with Blau, she was not in a partnership with Blau and therefore cannot be held liable, jointly or severally, for Blau's misconduct. Kayman's defense has merit, given the lack of evidence of a partnership between Blau and Kayman. Indeed, there is no evidence in the record of a partnership agreement between the nonparties. Further, any claim of a partnership in fact is undermined by the lack of evidence of, among other things, a sharing of profits or losses, joint accounts, joint loans, or shared employees (*see Community Capital Bank v Fischer & Yanowitz*, 47 AD3d 667, 668 [2d Dept 2008]; *Brodsky v Stadlen*, 138 AD2d 662, 663 [2d Dept 1988]). Any claim of a partnership by estoppel is undermined by the lack of evidence that plaintiff relied on the existence of a

partnership between Blau and Kayman (*Community Capital*, 47 AD3d at 668-669). Notably, it is undisputed that plaintiff never had any contact with Kayman. Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.