# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1142**
**CA 15-00709**
PRESENT: SMITH, J.P., PERADOTTO, WHALEN, AND DEJOSEPH, JJ.

---

ROBERT JAMES ANDERSON, PLAINTIFF-APPELLANT,

                  V                                MEMORANDUM AND ORDER

JAMES M. KERNAN AND MARLENE KERNAN,
DEFENDANTS-RESPONDENTS.

---

KINSELLA HOGGAN, LLP, ALBANY (JOHN D. HOGGAN, JR., OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

KERNAN AND KERNAN, P.C., UTICA (LEIGHTON R. BURNS OF COUNSEL), FOR
DEFENDANT-RESPONDENT JAMES M. KERNAN.

GEORGE F. ANEY, HERKIMER, FOR DEFENDANT-RESPONDENT MARLENE KERNAN.

---------------------------------------------------------------------------------

    Appeal from an order and judgment (one paper) of the Supreme
Court, Oneida County (Samuel D. Hester, J.), entered August 4, 2014.
The order and judgment, among other things, granted defendants'
motions for summary judgment dismissing plaintiff's complaint.

    It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

    Memorandum:  Plaintiff commenced this action seeking, inter alia,
damages for defendants' alleged breach of a joint venture agreement.
The purpose of the alleged joint venture was to develop a market for
workers' compensation insurance coverage through professional employer
organizations (PEO).  Supreme Court properly granted defendants'
respective motions seeking summary judgment dismissing the complaint
against each of them.  We note at the outset, with respect to
defendant Marlene Kernan (Marlene), that although the notice of motion
stated that she was seeking dismissal of the complaint pursuant to
CPLR 3211 (a) (7), her attorney's affirmation stated that she was
seeking summary judgment.  The court, in its decision, acknowledged
the discrepancy and treated the motion as one for summary judgment.
On the merits, the court properly concluded that Marlene made a prima
facie showing that she did not agree to enter into a joint venture
with plaintiff, and that plaintiff failed to raise a triable issue of
fact (*see Commander Terms. Holdings, LLC v Poznanski*, 84 AD3d 1005,
1009; *Schnur v Marin*, 285 AD2d 639, 639-640; *see generally Zuckerman v
City of New York*, 49 NY2d 557, 562).

    The court also properly concluded that defendant James M. Kernan
(James) made a prima facie showing that he did not agree to enter into

a joint venture with plaintiff, and that plaintiff failed to raise a triable issue of fact.  To establish the existence of a joint venture agreement, "it is not 'enough that two parties have agreed together to act in concert to achieve some stated objective' " (*Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317, *appeal dismissed* 358 US 39). Thus, even accepting as true plaintiff's assertion in opposition to James's motion that he and James agreed to go into business to develop the market for workers' compensation coverage in the PEO industry, we conclude that their "mutual assent with respect to a general principle is unenforceable, as a matter of contract law, on the ground of indefiniteness, as it amounts to no more than an agreement to agree" (*Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270, 276; *see Needel v Flaum*, 248 AD2d 957, 958).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court