Tabibnia SRL v Khaledi Oriental Rugs, Inc. (2018 NY Slip Op 04643)





Tabibnia SRL v Khaledi Oriental Rugs, Inc.


2018 NY Slip Op 04643


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6928 651928/11

[*1]Tabibnia SRL, Plaintiff-Respondent,
v
Khaledi Oriental Rugs, Inc., et al., Defendants-Appellants.


Scarinci & Hollenbeck, LLC, New York (Dan Brecher of counsel), for appellants.
Akerman LLP, New York (Richard B. Brosnick of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovitz, J.), entered May 1, 2017, awarding plaintiff a sum of money against defendants, unanimously affirmed, without costs.
A fair interpretation of the evidence supports the trial court's finding, based largely on its assessment of witness credibility, that defendants breached the parties' partnership agreement (see Morwitz v De Angelis, 155 AD3d 514 [1st Dept 2017]). While the parties did not enter into a written agreement, the court correctly found that a partnership existed based on the "conduct, intention, and relationship between the parties" (Community Capital Bank v Fischer & Yanowitz, 47 AD3d 667, 668 [2d Dept 2008]). Even apart from defendant Mehdi Khaledi's lack of credibility, as determined by the court, the record supports the finding that a partnership was formed based on Mr. Khaledi's and plaintiff's principal's three discussions immediately preceding the carpet auction and the fact that the two were on the telephone together during the entire bidding process. The record establishes that the parties wished to do business together in the manner alleged by plaintiff.
A fair interpretation of the evidence supports the court's finding that defendants breached the partnership agreement by selling the carpet to a third party without notice to plaintiff. The court properly arrived at a fair market valuation of the carpet, used to calculate plaintiff's damages, based on its evaluation of witness credibility and the trial evidence (see Credit Suisse First Boston v Utrecht-America Fin. Co., 84 AD3d 579, 580 [1st Dept 2011]).
The court's determination that Mehdi Khaledi is individually liable for the judgment is amply supported by the evidence at trial and at the posttrial hearing on that issue, which shows that Mr. Khaledi entered the partnership agreement in his individual capacity. He emailed plaintiff's principal from his personal email account to ask about the latter's interest in the carpet, and he signed the email individually, without any indication of or association with the corporate defendant. There is no evidence in the record that Mr. Khaledi indicated that he was operating through Khaledi Inc.; indeed, there is no mention of the company at all.
We have considered defendants' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK