Saibou v Alidu (2020 NY Slip Op 05544)





Saibou v Alidu


2020 NY Slip Op 05544


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-06993
 (Index No. 53539/15)

[*1]Abdoul K. Saibou, et al., appellants,
v
Aboki Alidu, respondent.


Law Offices of Lorna A. McGregor, PLLC, Bronx, NY, for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an oral partnership agreement, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Charles D. Wood, J.), dated August 28, 2020. The judgment, upon a decision of the same court dated April 7, 2017, made after a nonjury trial, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
In 2014, the defendant purchased a business with capital contributions from the plaintiffs. While the plaintiffs assert that the parties entered into an oral partnership agreement with respect to the business, the defendant contends that the plaintiffs were investors or shareholders in the business. The plaintiffs commenced this action, inter alia, to recover damages for breach of an oral partnership agreement. The parties thereafter agreed to submit for trial the issue of whether a partnership existed and, if a partnership was found to exist, a number of other issues. In decision dated April 7, 2017, after a nonjury trial, the Supreme Court concluded that no partnership existed. A judgment was subsequently entered in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration that in a close case the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Reingold v Bowins, 180 AD3d 722). "A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10[1]). When there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties (see Community Capital Bank v Fischer & Yanowitz, 47 AD3d 667, 668; Brodsky v Stadlen, 138 AD2d 662, 663). A mutual promise or undertaking of the parties to share in the profits of the business as well as the burden of the losses is an indispensable element of a partnership (see Matter of Steinbeck v Gerosa, 4 NY2d 302, 317; Community Capital Bank v Fischer & Yanowitz, 47 AD3d at 668).
Here, the evidence supports the Supreme Court's conclusion that the plaintiffs failed to establish that the parties reached an agreement as to sharing in the profits and losses of the subject business such that no partnership was formed (see Community Capital Bank v Fischer & Yanowitz, 47 AD3d at 668; Schnur v Marin, 285 AD2d 639, 639-640). Therefore, we decline to disturb the court's determination.
The plaintiffs' contention that they were entitled to the imposition of a constructive trust is improperly raised for the first time on appeal and will not be addressed (see Nieto v Nieto, 179 AD3d 820; Walker v George, 97 AD3d 741).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court