25-2246-cv
*Tesla v. Pelinkovic*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-six.

PRESENT:
>JOSÉ A. CABRANES,
>JOSEPH F. BIANCO,
>ALISON J. NATHAN,
>>*Circuit Judges.*

———————————————————————

MATTHEW TESLA,

>*Plaintiff-Appellant*,

>v.                                                                      25-2246-cv

DRGUT PELINKOVIC, AKA DOUG PELINKOVIC, ELVIRA PELINKOVIC, LJUMNI PELINKOVIC, CROTONA AVENUE BUILDERS, LLC,

>*Defendants-Appellees*.

———————————————————————

FOR PLAINTIFF-APPELLANT:              MARTIN R. KAFAFIAN, Beattie Padovano, LLC, Montvale, New Jersey.

FOR DEFENDANTS-APPELLEES:           WYNEE NGO, (Nicholas R. Caputo, *on the brief*), Sichenzia Ross Ference Carmel LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 26, 2025, is **AFFIRMED**.

Plaintiff-Appellant Matthew Tesla appeals from the district court's judgment dismissing his second amended complaint against Defendants-Appellees Drgut "Doug" Pelinkovic (hereinafter, "Pelinkovic"), Elvira Pelinkovic, Ljumni Pelinkovic, and Crotona Avenue Builders, LLC (together, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). In the complaint, Tesla asserted nine claims under New York law seeking to enforce an alleged oral joint venture or partnership with his close friend Pelinkovic in a cryptocurrency investment enterprise and to recover his share of the enterprise's investment profits that Pelinkovic allegedly liquidated and sheltered.

Applying New York law, which both sides agree governs the action, the district court concluded that Tesla failed to plead the existence of a legal relationship with Pelinkovic that is necessary to state a plausible claim: namely, a joint venture or partnership, a fiduciary relationship, or a creditor–debtor relationship. *See Tesla v. Pelinkovic*, No. 24-cv-8901, 2025 WL 2452345, at *2–4 (S.D.N.Y. Aug. 26, 2025). The district court also held that Tesla did not

2

state a plausible claim for promissory estoppel or unjust enrichment. *Id*. at \*4–5. On appeal, Tesla primarily argues that a joint venture or partnership was plausibly alleged in the complaint based on the parties' joint contributions to the venture, his agreement to "backstop" Pelinkovic's losses, and their prior course of dealings. We disagree.

"We review the grant of a motion to dismiss *de novo*, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

As the district court correctly concluded, the complaint's first three causes of action—application for partnership property, an accounting of the joint venture, and breach of the partnership/joint venture agreement—are each premised on an alleged joint venture relationship that is not sufficiently pled. In order to form a joint venture, which is treated the same as a partnership under New York law, *Scholastic, Inc. v. Harris*, 259 F.3d 73, 84 (2d Cir. 2001), "(1)

---

[1] Because Tesla makes only a cursory reference to his claim for breach of fiduciary duty and develops no specific arguments challenging the district court's dismissal of the claim, he has abandoned that claim. *See Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citation omitted)). In any event, even if not abandoned, the district court correctly held that there was no plausibly alleged duty owed to Tesla because there was no joint venture or partnership, as discussed *infra*, and the parties' "close personal relationship," App'x at 131, did not rise to the level of a fiduciary relationship. *See Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011) (listing elements of a breach of fiduciary duty as "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom").

two or more persons must enter into a specific agreement to carry on an enterprise for profit; (2) their agreement must evidence their intent to be joint venturers; (3) each must make a contribution of property, financing, skill, knowledge, or effort; (4) each must have some degree of joint control over the venture; and (5) there must be a provision for the sharing of both profits and losses," *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*, 909 F.2d 698, 701 (2d Cir. 1990). We have emphasized that "[a]ll of these elements must be present before joint venture liability may be imposed." *Id*.

Based upon the allegations in the complaint, we agree with the district court that Tesla failed to plausibly allege a joint venture or partnership. First, as the district court noted, "[r]emarkably, [the complaint] does not allege that [Tesla] contributed *any capital at all* to Pelinkovic's investment endeavor, let alone that he and Pelinkovic commingled their property and interests." *Tesla*, 2025 WL 2452345, at *3. New York courts have made clear that "[w]here there is undisputed evidence that a party never made a capital contribution to the business, such evidence strongly suggests that no partnership existed." *Hammond v. Smith*, 151 A.D.3d 1896, 1899 (4th Dep't 2017) (alterations adopted) (internal quotation marks and citation omitted). Although the complaint suggests that Tesla provided some assistance to Pelinkovic by "setting up 'cold storage' of various cryptocurrency assets" and giving Pelinkovic some general advice regarding cryptocurrency, App'x at 123, those vague allegations alone are insufficient to plausibly infer that it was intent of the parties to form a joint venture or partnership. *See, e.g., Anderson v. Kernan*, 133 A.D.3d 1234, 1235 (4th Dep't 2015) ("To establish the existence of a joint venture agreement, it is not enough that two parties have agreed

4

together to act in concert to achieve some stated objective." (internal quotation marks and citation omitted)).

Second, the complaint fails to set forth any allegations that allow for a plausible inference that Tesla exercised some degree of joint control with Pelinkovic over a joint venture or partnership. To the extent Tesla again relies on the purported advice he provided to Pelinkovic about cryptocurrency to establish the requisite control, the complaint is devoid of any allegations that suggest Pelinkovic was required to follow any such advice. Indeed, after Pelinkovic's initial purchase of the cryptocurrency and Tesla's alleged travel to New York to assist with "cold storage" in late 2020 or early 2021, the complaint does not contain a single conversation, email, text, or other communication between them regarding cryptocurrency until Tesla allegedly sought to terminate the purported venture years later, in September 2024. In short, because of the absence of any allegations of joint management or control between the parties, the complaint fails to sufficiently plead the existence of a joint venture or partnership.

Third, the complaint contains no allegation that the parties agreed to share losses. "An indispensable essential of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the business *and submit to the burden of making good the losses*." *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 68 (2d Cir. 2003) (quoting *Steinbeck v. Gerosa*, 4 N.Y.2d 302, 317 (1958)). With respect to this element, the complaint merely alleges that, "in order to allay Defendant Doug's fears" about losing money through cryptocurrency investments, Tesla "agreed to commit his sizable fortune to backstop any losses that Defendant Doug may incur." App'x at 122.

5

However, the nature and terms of that "backstop" is entirely unclear and, for instance, could just as likely mean that Tesla agreed to take on all losses rather than share them. Thus, the conclusory "backstop" allegation is insufficient to plausibly allege the requisite sharing of both profits and losses.[2] *See Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (explaining that, in addressing the sufficiency of a complaint, "[w]e accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations" (internal quotation marks and citation omitted)).

In sum, the district court correctly held that, because the complaint fails to plausibly allege the existence of a joint venture or partnership between Tesla and Pelinkovic, the first three causes of action—which were all premised upon the existence of that legal relationship—could not withstand a motion to dismiss.[3]

---

[2] For the first time on appeal, Telsa attempts to rectify this pleading defect by contending that he "took all the risk and bore all the costs" and agreed to backstop losses incurred "up to $5,000,000" to "make Pelinkovic whole." Appellant's Br. at 25, 33. As a threshold matter, these additional facts cannot be considered because they were not alleged in the complaint. *See Hack v. President & Fellows of Yale Coll.*, 237 F.3d 81, 91 (2d Cir. 2000) ("[A] Rule 12(b)(6) motion tests the adequacy of the complaint, not the briefs." (citation omitted)), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Moreover, even if contained in the complaint, those additional facts are inconsistent with the allegation that Pelinkovic put up all of the capital and still do not plausibly allege that the parties had an agreement to share profits and losses.

[3] On appeal, Tesla attempts to resurrect these claims by proposing an alternative "simple contract theory." Appellant's Br. at 27. However, Tesla failed to include a breach of contract claim in the complaint and, thus, the district court correctly disregarded any such claim and related arguments that were raised in Tesla's opposition to the motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) ("[A] district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." (citation omitted)). In any event, a breach of contract claim would fail because Tesla failed to plausibly allege the material terms of any such oral contract in the complaint. *See Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp.*, 74

We also conclude that the complaint fails to assert a plausible claim for promissory estoppel. "A cause of action for promissory estoppel under New York law requires the plaintiff to prove three elements: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000). As discussed above, the complaint is devoid of any allegations that would plausibly support a clear and unambiguous oral promise by Pelinkovic that he was entering into a business relationship with Tesla through which Tesla would be entitled to profits from Pelinkovic's cryptocurrency investments. Thus, the district court properly dismissed the promissory estoppel claim.

Tesla's claim for unjust enrichment is similarly flawed. An unjust enrichment claim requires proof that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Pauwels v. Deloitte LLP*, 83 F.4th 171, 186 (2d Cir. 2023). However, the underlying allegations cannot be duplicative of other causes of action. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790–91 (2012). Here, Tesla wholly relied on the same allegations regarding the alleged joint venture or partnership to support his claim for unjust enrichment. Indeed, in his opposition to the motion to dismiss, Tesla argued that "[the complaint] adequately alleges that Defendant Doug was enriched insofar as it is alleged that Defendant Doug used Plaintiff's knowledge and skills to invest in cryptocurrency and enjoyed the shield of the loss

_____

N.Y.2d 475, 482 (1989) ("If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract.").

guarantee provided by Plaintiff's personal fortune." Supp. App'x at 17. Therefore, Tesla failed to articulate how that claim was not duplicative of the other causes of action. *See, e.g.*, *Philip S. Schwartzman, Inc. v. Pliskin, Rubano, Baum & Vitulli*, 215 A.D.3d 699, 702 (2d Dep't 2023) ("Here, the plaintiffs based their unjust enrichment claim on the same set of facts upon which they based their [other] claims. Namely, they alleged that the defendants deceived them . . . and the defendants unjustly derived a financial benefit from that deceit. . . . [I]f plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." (internal quotation marks and citation omitted)). Accordingly, the district court properly dismissed that claim.

Tesla's remaining claims arising under the New York Debtor and Creditor Law, for voidance of asset transfers Defendants allegedly conducted after Tesla filed his state court suit, and conversion claims regarding the same, are also defective because they are predicated on a creditor-debtor relationship that is insufficiently pled. Under New York law, a "creditor" is a "person that has a claim," and a "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." N.Y. Debt. & Cred. Law § 270(d), (c). Tesla asserts that Pelinkovic owes him money, and thus he is a creditor under New York law, based upon the "claims filed in this litigation." Appellant's Br. at 33. Given that theory, Tesla concedes that these voidable transfer claims are plausible only if one of the other claims can survive a motion to dismiss. *See id*. ("To the extent any of the substantive claims against Pelinkovic are revived, so too should the voidable transfer claims."). Therefore,

because none of the predicate claims were sufficiently pled, the district court also properly dismissed these claims.

Finally, the district court correctly concluded that amendment of the complaint would be futile and dismissed the case with prejudice. "We review a district court's denial of leave to amend for abuse of discretion," except when "the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). A request to amend is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (internal quotation marks and citation omitted). On appeal, Tesla suggests in general terms that he "can provide further detail about every facet of the [c]omplaint, from the common circle in the Brazilian Jiu Jitsu community [where Tesla and Pelinkovic allegedly formed their friendship] and the power of dynamics that guide relationships in it[,] to the expenses he incurred in standing up the crypto venture[,] to his control role in [the] asset selection process, and so on." Appellant's Br. at 37. However, he does not identify any particular facts that would be included upon repleading nor does he adequately explain how he could overcome the pleading defects in the complaint. In short, because Tesla has failed "to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [his] complaint," we affirm the district court's decision to dismiss his complaint with prejudice. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *see also Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("[A]n amendment is not warranted absent some indication as to what appellants

9

might add to their complaint in order to make it viable." (alteration adopted) (internal quotation marks and citation omitted)).

*       *       *

We have considered Tesla's remaining arguments and conclude that they are without merit.    Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court